UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21416-CIV-SEITZ/O'SULLIVAN

UNITED STATES OF AMERICA,

   Plaintiff,

v.

PROCEEDS DERIVED FROM THE SALE(S), OF 2007
LAMBORGHINI MURCIELAGO LP 640, BEARING
VIN # ZHWBU37SO7LA02128,

   Defendant(s).
_____/

## ORDER DENYING MOTION FOR RETURN OF PROPERTY

THIS MATTER is before the Court on First Franklin Financial Corporation's Motion for Return of Property [DE-30]. This matter arises from a civil forfeiture action in which the United States sought forfeiture of the proceeds derived from the sale of a 2007 Lamborghini Murcielago LP 640 (the Proceeds), that was purchased with funds that were the fruit of an aggravated identity theft crime. First Franklin Financial Corporation ("First Franklin") was taken in by the identity theft and now seeks an order requiring the United States to turn the Proceeds over to First Franklin. The United States opposes the motion on the grounds that First Franklin lacks standing.[1] Because First Franklin cannot establish an ownership interest in the Proceeds, it does not have standing. Therefore, its Motion is denied.

**Facts**

This suit was brought by the United States seeking forfeiture of the Proceeds. The

---

[1]The United States also opposes the Motion to the extent it seeks any amount greater than the Proceeds on the grounds of sovereign immunity. However, First Franklin concedes that it cannot seek any amount greater than the actual Proceeds. Therefore, the Court need not address this issue.

Lamborghini, whose sale resulted in $275,495.38, was purchased with funds from First Franklin that were obtained fraudulently. First Franklin loaned in excess of $400,000 allegedly to purchase real property known as 5900 Collins Avenue, #1502, Miami Beach, Florida 33140, which was purportedly sold by Michael Steinberger to Jorge Lugo for $525,000. Star Lending Mortgage obtained funding for Lugo. First Franklin wired $420,000[2] from National City Bank to a Florida bank account at Wachovia, held in the name of Professional Title Express, which was the alleged Settlement Agent for the real estate transaction. Both Star Lending Mortgage and Professional Title Express were owned, controlled, or directed by the same person, Magile Cruz.

A check was drawn on the Wachovia account in the amount of $490,000 and used for the purchase of the 2007 Lamborghini, instead of the real property. The Lamborghini was purchased in the name of Ricardo Araujo, the now-deceased husband of Magile Cruz. Ultimately, the Lamborghini was sold and the sale proceeds are what are at issue in this matter. First Franklin now seeks an order of this Court directing the United States to Return the Proceeds to First Franklin.

**Discussion**

A claimant challenging a forfeiture must first establish that it has standing as owner of the contested property. *United States v. $121,100.00 in U.S. Currency*, 999 F.2d 1503, 1505 (11th Cir. 1993). While ownership interest is determined by state law, federal law determines the consequences that attach to those interests. *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007). Thus, Florida law will determine whether First Franklin has any ownership interest

---

[2]The amount actually wired seems to be in dispute. First Franklin states that it was $420,000, while the United States believes that it was $525,000. However, for purposes of this Motion it does not matter.

in the Proceeds.

First Franklin asserts that under Florida law it has a constructive trust and, thus, an ownership interest in the property. Under Florida law, imposition of a constructive trust requires: (1) a promise, express or implied; (2) transfer of the property and reliance thereon; (3) a confidential relationship; and (4) unjust enrichment. *Provence v. Palm Beach Taverns, Inc.*, 676 So. 2d 1022, 1025 (Fla. 4th DCA 1996). First Franklin asserts that it has met all of the elements required for imposition of a constructive trust. It has not.

First Franklin has not shown that a confidential relationship existed between it and the borrower, Lugo. First Franklin argues that a "confidential relationship is found 'where confidence is reposed by one party and a trust accepted by the other.'" *Hutson v. Brooks*, 646 So. 2d 276, 277 (Fla. 2d DCA 1994). While this may be true, no such relationship existed between First Franklin and the borrower. This was an arm's-length transaction between a commercial lender and a borrower. First Franklin has provided no authority, and the Court has been unable to find any, that suggests that such a transaction creates a confidential relationship. Nor has First Franklin provided any evidence to show that the transaction between it and the borrower was something other than a standard loan transaction. The burden is on First Financial to establish a constructive trust by clear and convincing evidence. *See Provence*, 676 So. 2d at 1025 (stating that the "person seeking to impose a constructive trust must prove the[] elements by clear and convincing evidence."). It has not shown that a confidential relationship existed between it and the borrower and thus it has not met its burden for the imposition of a constructive trust.

First Franklin has not asserted any other basis for its claim that it has an ownership interest in the Proceeds. Consequently, First Franklin has not established that it has an

ownership interest in the Proceeds. Without an ownership interest, First Franklin lacks standing to make a claim on the Proceeds. Accordingly, it is

ORDERED THAT First Franklin Financial Corporation's Motion for Return of Property [DE-30] is DENIED.

DONE AND ORDERED in Miami, Florida, this 15 day of June, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record